1

2

3

4

5

6

7

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

8  MANUEL ANTHONY CASTILLO,

9           Petitioner,

10     v.

11  JEFF MACOMBER,

12           Respondent.

Case No. 1:24-cv-01586-SAB-HC

ORDER TO SHOW CAUSE WHY
PETITION SHOULD NOT BE DISMISSED

13

14      Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus

15  pursuant to 28 U.S.C. § 2254.

16                                           **I.**

17                                   **BACKGROUND**

18      In 2017, Petitioner was convicted in the Kern County Superior Court and sentenced to an

19  imprisonment term of fifty years to life plus twenty-five years and four months. (ECF No. 1 at

20  1.[1]) In 2020, the California Court of Appeal, Fifth Appellate District, remanded the matter for the

21  trial court to address various sentencing issues, and the California Supreme Court denied the

22  petition for review. (Id. at 2.) Petitioner also filed a petition for resentencing in the superior

23  court, which denied the petition in 2024. (Id. at 3.)

24      On December 26, 2024, the Court received the instant petition for writ of habeas corpus

25  that raises the following claims for relief: (1) ineffective assistance of trial counsel during the

26  sentencing phase; (2) various sentencing issues; (3) false evidence; and (4) erroneous admission

27  of witness statement, in violation of Confrontation Clause. (ECF No. 1 at 6–9.)

28

---

[1] Page numbers refer to the ECF page numbers stamped at the top of the page.

**II.**

**DISCUSSION**

Rule 4 of the Rules Governing Section 2254 Cases requires preliminary review of a habeas petition and allows a district court to dismiss a petition before the respondent is ordered to file a response, if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254.

**A. Exhaustion**

A petitioner in state custody who is proceeding with a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. Coleman v. Thompson, 501 U.S. 722, 731 (1991); Rose v. Lundy, 455 U.S. 509, 518 (1982). A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999); Duncan v. Henry, 513 U.S. 364, 365 (1995); Picard v. Connor, 404 U.S. 270, 276 (1971).

Here, the petition indicates that Grounds One, Three, and Four have not been raised in the California Supreme Court. (ECF No. 1 at 6, 8–9.) If Petitioner has not sought relief in the California Supreme Court, the Court cannot proceed to the merits of those claims. 28 U.S.C. § 2254(b)(1). It is possible, however, that Petitioner has presented all of his claims to the California Supreme Court and failed to indicate this to the Court. Thus, Petitioner must inform the Court whether each of his claims has been presented to the California Supreme Court, and if possible, provide the Court with a copy of the petition filed in the California Supreme Court that includes the claims now presented and a file stamp showing that the petition was indeed filed in the California Supreme Court.

A federal court will not review a petitioner's claims if the state court has denied relief on those claims pursuant to a state law procedural ground that is independent of federal law and adequate to support the judgment. Coleman v. Thompson, 501 U.S. 722, 729–30 (1991). This

doctrine of procedural default is based on the concerns of comity and federalism. Id. at 730–32. However, there are limitations as to when a federal court should invoke procedural default and refuse to review a claim because a petitioner violated a state's procedural rules. Procedural default can only block a claim in federal court if the state court "clearly and expressly states that its judgment rests on a state procedural bar." Harris v. Reed, 489 U.S. 255, 263 (1989).

Exhaustion and procedural default are closely related doctrines. Because the exhaustion requirement "'refers only to remedies still available at the time of the federal petition,' it is satisfied 'if it is clear that [the habeas petitioner's] claims are now procedurally barred under [state] law.'" Gray v. Netherland, 518 U.S. 152, 161 (1996) (alteration in original) (first quoting Engle v. Isaac, 456 U.S. 107, 125 n.28 (1982); then quoting Castille v. Peoples, 489 U.S. 346, 351 (1989)). "However, the procedural bar that gives rise to exhaustion provides an independent and adequate state-law ground for the conviction and sentence, and thus prevents federal habeas corpus review of the defaulted claim, unless the petitioner can demonstrate cause and prejudice for the default." Gray, 518 U.S. at 162.

A petitioner "may obtain federal review of a defaulted claim by showing cause for the default and prejudice from a violation of federal law." Martinez v. Ryan, 566 U.S. 1, 10 (2012) (citing Coleman, 501 U.S. at 750). Attorney error on direct appeal constituting ineffective assistance of counsel provides "cause" to excuse procedural default. Martinez, 566 U.S. at 11; Coleman, 501 U.S. at 754. However, a claim of ineffective assistance generally must "be presented to the state courts as an independent claim before it may be used to establish cause for a procedural default." Murray v. Carrier, 477 U.S. 478, 489 (1986). Here, Petitioner states that Grounds One, Three, and Four were not raised in the California Supreme Court due to ineffective assistance of counsel. (ECF No. 1 at 6, 8–9.) It does not appear that Petitioner has presented independent ineffective assistance of counsel claims to the state courts. See Edwards v. Carpenter, 529 U.S. 446, 453 (2000) ("[A]n ineffective-assistance-of-counsel claim asserted as cause for the procedural default of another claim can itself be procedurally defaulted[.]"). Thus, Petitioner must inform the Court if he has raised independent ineffective assistance of counsel claims to the state courts.

**B.  Statute of Limitations**

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). The AEDPA imposes various requirements on all petitions for writ of habeas corpus filed after the date of its enactment. <u>Lindh v. Murphy</u>, 521 U.S. 320 (1997); <u>Jeffries v. Wood</u>, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc). As the instant petition was filed on April 25, 2016, it is subject to the provisions of the AEDPA.

The AEDPA imposes a one year period of limitation on petitioners seeking to file a federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). Section 2244(d) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

In most cases, the limitation period begins running on the date that the petitioner's direct review became final. In this case, it is unclear when direct review became final. The petition appears to state that the California Supreme Court issued its decision on June 9, 2020, but the attached petition for review indicates that it was filed on July 10, 2020. (ECF No. 1 at 2, 14.) Petitioner had one year from the conclusion of direct review, absent applicable tolling, in which

1    to file his federal petition for writ of habeas corpus. Despite the lack of pertinent information, it

2    appears that Petitioner may have filed the instant petition beyond the expiration of the statute of

3    limitations given that the federal petition was filed almost four and a half years after the petition

4    for review was filed in the California Supreme Court. Accordingly, it appears the federal petition

5    is untimely unless Petitioner establishes that statutory and/or equitable tolling is warranted.

6         The "time during which a properly filed application for State post-conviction or other

7    collateral review with respect to the pertinent judgment or claim is pending shall not be counted

8    toward" the one-year limitation period. 28 U.S.C. § 2244(d)(2). The limitation period also is

9    subject to equitable tolling if the petitioner demonstrates "'(1) that he has been pursuing his

10   rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented

11   timely filing." Holland v. Florida, 560 U.S. 631, 649 (2010) (quoting Pace v. DiGuglielmo, 544

12   U.S. 408, 418 (2005)). Petitioner bears the burden of alleging facts that would give rise to

13   tolling. Holland, 560 U.S. at 649; Pace, 544 U.S. at 418.

14                                          **III.**

15                                        **ORDER**

16        Accordingly, Petitioner is ORDERED to SHOW CAUSE within **THIRTY (30) days**

17   from the date of service of this order why the petition should not be dismissed for failure to

18   exhaust state remedies and for violating the limitations period of 28 U.S.C. § 2244(d).

19        Petitioner is forewarned that failure to follow this order will result in a recommendation

20   for dismissal of the petition pursuant to Federal Rule of Civil Procedure 41(b) (a petitioner's

21   failure to prosecute or to comply with a court order may result in a dismissal of the action).

22

23   IT IS SO ORDERED.

24   Dated:   __January 8, 2025__                    _____

25                                                    STANLEY A. BOONE
                                                      United States Magistrate Judge

26

27

28