# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MANUEL ANTHONY CASTILLO,<br><br>Petitioner,<br><br>v.<br><br>JEFF MACOMBER,<br><br>Respondent. | Case No. 1:24-cv-01586-SAB-HC<br><br>FINDINGS AND RECOMMENDATION RECOMMENDING DISMISSAL OF PETITION FOR WRIT OF HABEAS CORPUS WITHOUT PREJUDICE<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN DISTRICT JUDGE |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**I.**

**BACKGROUND**

In 2017, Petitioner was convicted in the Kern County Superior Court and sentenced to an imprisonment term of fifty years to life plus twenty-five years and four months. (ECF No. 1 at 1.[1]) In 2020, the California Court of Appeal, Fifth Appellate District, remanded the matter for the trial court to address various sentencing issues, and the California Supreme Court denied the petition for review. (Id. at 2.) Petitioner also filed a petition for resentencing in the superior court, which denied the petition in 2024. (Id. at 3.)

On December 26, 2024, the Court received the instant petition for writ of habeas corpus that raises the following claims for relief: (1) ineffective assistance of trial counsel during the

---

[1] Page numbers refer to the ECF page numbers stamped at the top of the page.

1

1  sentencing phase; (2) various sentencing issues; (3) false evidence; and (4) erroneous admission
2  of witness statement, in violation of Confrontation Clause. (ECF No. 1 at 6–9.)
3        The Court ordered Petitioner to show cause why the petition should not be dismissed as
4  untimely and for failure to exhaust state judicial remedies. (ECF No. 6.) Petitioner has filed a
5  response. (ECF No. 7.)

## II.

## DISCUSSION

8        Rule 4 of the Rules Governing Section 2254 Cases requires preliminary review of a
9  habeas petition and allows a district court to dismiss a petition before the respondent is ordered
10 to file a response, if it "plainly appears from the petition and any attached exhibits that the
11 petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254
12 Cases in the United States District Courts, 28 U.S.C. foll. § 2254.

13 **A. Exhaustion**

14       A petitioner in state custody who is proceeding with a petition for writ of habeas corpus
15 must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based
16 on comity to the state court and gives the state court the initial opportunity to correct the state's
17 alleged constitutional deprivations. Coleman v. Thompson, 501 U.S. 722, 731 (1991); Rose v.
18 Lundy, 455 U.S. 509, 518 (1982). A petitioner can satisfy the exhaustion requirement by
19 providing the highest state court with a full and fair opportunity to consider each claim before
20 presenting it to the federal court. O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999); Duncan v.
21 Henry, 513 U.S. 364, 365 (1995); Picard v. Connor, 404 U.S. 270, 276 (1971).

22       Here, the petition indicates that Grounds One, Three, and Four have not been raised in the
23 California Supreme Court. (ECF No. 1 at 6, 8–9.) In his response, Petitioner states that a state
24 habeas petition was mailed to the Kern County Superior Court in December 2024. (ECF No. 7 at
25 3.) Although Petitioner may have sought relief in the Kern County Superior Court, Petitioner has
26 failed to demonstrate that he presented Grounds One, Three, and Four to the California Supreme
27 Court. As it appears Petitioner has not sought relief in the California Supreme Court, the Court
28 cannot proceed to the merits of his claims. 28 U.S.C. § 2254(b)(1).

### B. "Mixed" Petition

"Federal courts may not adjudicate mixed habeas petitions, that is, those containing both exhausted and unexhausted claims." Henderson v. Johnson, 710 F.3d 872, 873 (9th Cir. 2013). The Court must dismiss without prejudice a mixed petition containing both exhausted and unexhausted claims to give a petitioner an opportunity to exhaust the claims if he can do so. Lundy, 455 U.S. at 522. However, a petitioner may, at his option, withdraw the unexhausted claims and go forward with the exhausted claims. See Anthony v. Cambra, 236 F.3d 568, 574 (9th Cir. 2000) ("[D]istrict courts must provide habeas litigants with the opportunity to amend their mixed petitions by striking unexhausted claims as an alternative to suffering dismissal."). A petitioner may also move to withdraw the entire petition and return to federal court when he has finally exhausted his state court remedies. Additionally, a petitioner may also move to stay and hold in abeyance the petition while he exhausts his claims in state court. See Rhines v. Weber, 544 U.S. 269, 277 (2005); Kelly v. Small, 315 F.3d 1063, 1070–71 (9th Cir. 2002).

Here, the only exhausted claim appears to be Ground Two, in which Petitioner challenges his judgment based on California Assembly Bill 1540, Senate Bill 1393, Senate Bill 483, and Senate Bill 81. (ECF No. 1 at 7.) By statute, federal courts "shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). "[T]he second use of 'in custody' in the statute requires literally that the person applying for the writ is contending that he is 'in custody' in violation of *the Constitution or other federal laws*." Bailey v. Hill, 599 F.3d 976, 979 (9th Cir. 2010) (emphasis added). Whether Petitioner is entitled to relief based on various California state assembly and senate bills is an issue of state law, and errors of state law generally do not warrant federal habeas corpus relief. See Wilson v. Corcoran, 562 U.S. 1, 5 (2010) (per curiam) ("[I]t is only noncompliance with federal law that renders a State's criminal judgment susceptible to collateral attack in the federal courts."); Estelle v. McGuire, 502 U.S. 62, 67–68 (1991) ("We have stated many times that 'federal habeas corpus relief does not lie for errors of state law.' Today, we reemphasize that it is not the province of a federal habeas court to reexamine state-

court determinations on state-law questions." (citations omitted)). Therefore, it would not be appropriate to allow Petitioner to withdraw the unexhausted claims and go forward with Ground Two, which is not cognizable in federal habeas corpus.

### III.

### RECOMMENDATION & ORDER

Based on the foregoing, the Court HEREBY RECOMMENDS that the petition for writ of habeas corpus be DISMISSED without prejudice for failure to exhaust state judicial remedies.

Further, the Clerk of Court is DIRECTED to randomly assign this action to a District Judge.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within **THIRTY (30) days** after service of the Findings and Recommendation, Petitioner may file written objections with the Court, **limited to fifteen (15) pages in length, including any exhibits**. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." The assigned District Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **May 15, 2025**

STANLEY A. BOONE
United States Magistrate Judge

4